# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51300

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

MARK ANTHONY MITCHELL, II,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 7, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for felony domestic battery with traumatic injury, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Mark Anthony Mitchell, II, was found guilty of felony domestic battery with traumatic injury. I.C. § 18-918(2). The district court sentenced Mitchell to a unified term of ten years, with a minimum period of confinement of three years, to be served consecutively to an unrelated sentence. Mitchell filed an I.C.R. 35 motion, which the district court denied. Mitchell appeals,

1

arguing that his sentence is excessive and that the district court erred in denying his Rule 35 motion for reduction of sentence.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Mitchell's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Mitchell's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Mitchell's judgment of conviction and sentence, and the district court's order denying Mitchell's Rule 35 motion, are affirmed.

---

[1]     Mitchell was also found guilty of and sentenced for misdemeanor false imprisonment. However, Mitchell does not challenge this judgment of conviction and sentence on appeal.